FRANKLIN WINKLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Winkler v. Commissioner
Docket No. 31236-87
United States Tax Court
T.C. Memo 1990-71; 1990 Tax Ct. Memo LEXIS 73; 58 T.C.M. (CCH) 1399; T.C.M. (RIA) 90071; February 14, 1990
Franklin Winkler, pro se. Philip J. Starr, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Addition
Year
Deficiency
§ 6653(b) [1]
1977
$  65,901.90
$ 33,602.95
1978
140,549.03
70,274.52
1979
120,857.24
61,356.12
1980
156,457.36
78,228.68
Petitioner Franklin Winkler resided in Palm Springs, California, at the time he filed the petition in this case. Respondent filed a Motion to Dismiss for Lack of Prosecution on July 3, 1989. By Order dated July 28, 1989, the Court granted respondent's motion *74 as it related to all issues upon which petitioner bore the burden of proof. In relation to the issue upon which respondent bore the burden of proof, i.e., the addition to tax under section 6653(b), the motion was denied. The only issue before us is the additions to tax pursuant to section 6653(b). Section 6653(b) provides for an addition to tax if any part of any underpayment is due to fraud. Respondent has the burden of proving, by clear and convincing evidence, that a portion of the deficiency in tax for each of the years before us is due to fraud. Sec. 7454(a); ; Rule 142(b). To carry his burden, respondent must show petitioner acted intentionally and willfully to evade a tax known or believed due. , affg. a Memorandum Opinion of this Court; . The existence of fraud is a question of fact to be resolved after consideration of the entire record. ; , *75 affd. without published opinion . A pattern of consistent underreporting of substantial amounts of income accompanied by a showing of intent to conceal is strong evidence of fraud. . Respondent offered, and we received, into evidence the testimony of two revenue agents who had done an exhaustive examination of petitioner with respect to the years at issue. In addition to the testimony of those agents, respondent offered, and we received, into evidence detailed documentation corroborating the testimony of the agents. We find this evidence credible. Moreover, such evidence was wholly uncontroverted by petitioner. Through a convoluted scheme intended to evade taxes, petitioner diverted funds from his wholly owned corporation to his personal use. Petitioner used a variety of methods to divert the funds, including a dummy partnership and having an escrow agent distribute the proceeds from the sale of corporate property directly to petitioner's personal account. The diversion of funds was not a single or occasional event, but a course of conduct occurring regularly during *76 the years before this Court. In order to conceal the diversion of funds, petitioner falsified both his personal records and those of the corporation. We find respondent established by clear and convincing evidence a portion of the underpayment of tax for each of the years involved was due to fraud under section 6653(b). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩